DORA B. MULVEY *vs.* RAYMOND T. O'NEILL.

NOVEMBER 17, 1945.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

PER CURIAM. This is a complaint by Dora B. Mulvey against Raymond T. O'Neill, her attorney, and charges the latter with specific acts of unprofessional conduct in matters arising out of their relationship of attorney and client.

The complainant first brought her complaint to the attention of the investigating committee, which is created and functions by virtue of rule 9 of the Rules of Practice of the Supreme Court. In general that committee receives complaints against members of the bar for unprofessional conduct; investigates such complaints; and after such investigation determines whether a complaint is sufficiently well founded to deserve prosecution before the committee on complaints. If the investigating committee determines that a complaint should be so prosecuted, the case is then referred for hearing to the committee on complaints and one of the

members of the investigating committee is designated to conduct the prosecution of that complaint before said committee on complaints.

The committee on complaints, commonly referred to as the hearing committee, is also created and functions by virtue of rule 9 of the Rules of Practice of the Supreme Court. This committee in general hears and considers complaints against members of the bar and, after hearing and consideration thereof, reports its findings and recommendations in writing to this court.

In the instant case Dora B. Mulvey's complaint against the respondent was examined, investigated, and considered by the investigating committee in accordance with this rule and thereupon, on June 21, 1945, such complaint was duly referred to the committee on complaints for hearing. The investigating committee also designated one of its members to conduct the prosecution of the complaint before the latter committee in order to assist the complainant in presenting the evidence in support of her charges against the respondent.

The committee on complaints promptly assigned the matter to July 11, 1945 for hearing. At that time, however, the complainant, through her new attorney and for reasons of her own, requested a continuance of the hearing. The case was accordingly continued to October 19, 1945. On that date it was assigned definitely for hearing to October 26, 1945 at which time the testimony of the complainant and her evidence in support of the charges against the respondent were introduced before the committee on complaints. The respondent was present at this hearing.

This evidence may be summarized, in substance and effect, as establishing the following facts: (1) That the respondent was a practicing attorney and was representing the complainant in matters concerning the purchase of outstanding interests in certain real estate and in otherwise perfecting and protecting her title thereto; (2) that the complainant entrusted to the respondent on three different occasions certain

substantial sums of money, to be used for specific purposes in connection with transactions which concerned such realty and in which the respondent represented the complainant; (3) that the respondent, upon receipt of these sums, gave to the complainant receipts, each specifying the particular purpose for which the money was received and for which it was intended and directed to be used by him; (4) that none of that money was ever used by the respondent for any purpose for which it was thus entrusted to him and which was acknowledged by his receipts; (5) that the respondent later gave to the complainant as payee three checks in amounts aggregating substantially the balance of the money due the complainant, which checks were made by him and drawn upon a bank in which he then had no account; (6) that respondent also at another time left at the house of the complainant, while she was away, certain promissory notes made by a real estate corporation, which notes complainant did not accept in place of the money which he had received and should have returned to her.

The respondent did not deny the essential facts set out in the charges and evidence of the complainant. He acknowledged the receipts which he had given her and the fact that he had received the money for the specific purposes therein set forth. He admitted that none of that money was used by him for any of those purposes. He asserted only that he had been repaying her as fast as he was able and that he already had repaid to her a large part of the money which he had received from her. He explained that he had given the checks to her, not with any intention of having them presented at the bank for payment but with the instructions that they should be kept merely as evidence of his indebtedness, in the event that anything happened to him. He also asserted that later he intended to reopen an account in that bank in order to make those checks good and to pay her the balance in full.

Any other matters appearing in evidence were the subject of some conflict but they do not affect substantially the

merits of the charges made by the complainant and the admission of the truth of those charges by the respondent before the committee on complaints.

Upon this record the committee found that the respondent was guilty of gross misconduct in his profession as a lawyer in a matter arising out of the relationship of attorney and client and recommended that he be disciplined by this court for such misconduct. That report was filed with this court on November 2, 1945. After consideration of the charges, evidence and the committee's report, we, on November 7, 1945, notified the respondent to appear before this court on November 13, 1945, to show cause, if he saw fit, why an order of suspension should not be entered against him. Pursuant to that notice the respondent appeared and was heard.

Upon consideration we find that no good cause has been shown by the respondent why this court should not approve the finding and recommendation of the committee on complaints, and they are hereby approved. Accordingly, it is ordered that the respondent, Raymond T. O'Neill, be hereby suspended from practice as an attorney and counsellor at law, until further order of the court.

*Joseph F. Flynn,* for complainant.

*Raymond T. O'Neill,* pro se.